# EXHIBIT A

STATE OF NEW YORK
# DEPARTMENT OF STATE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

January 08, 2025

EXPERIAN INFORMATION SOLUTIONS, INC.
475 ANTON BOULEVARD
COSTA MESA CA 92626, USA

| RE: | Party Served: | EXPERIAN INFORMATION SOLUTIONS, INC. |
|---|---|---|
| | Plaintiff/Petitioner: | ROGER SMART |
| | Receipt Number: | 202501080245 |
| | Date Served: | 01/08/2025 |
| | Section of Law: | SECTION 306 OF THE BUSINESS CORPORATION LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492



Civil Court of the City of New York
County of Queens

——————————————————————————X

ROGER SMART,

                    Plaintiff,

            -against-

EXPERIAN,

                   Defendant.

——————————————————————————X

Index No.:
Date Filed:       0404

**SUMMONS**

Plaintiff's Residence Address:
7112 Beachfront Rd.
Averne, N.Y. 11692
The basis of venue designated:
Plaintiff's residence and
Location/situs of incident(s)

To the above named defendant:

        You are hereby summoned to appear in the Civil Court of the City of New York, County of Queens at the office of the said Court at 89-17 Sutphin Boulevard, Jamaica, in the County of Queens, City and State of New York, 11435 within the time provided by law as noted below and file your answer to the summons and endorsed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00), interest from the date of the incidents alleged in this suit and together with the costs and disbursements of this action.

Dated: January 6, 2025

                           By:
                              April Forbes, Esq.
                       Attorney(s) for Plaintiff
                          P.O. Box 865
                    Hudson, New York 12534
                      (518) 249-5328

COPY
ORIGINAL PAPERS
RECEIVED AND FILED
ON    JAN 0 7 2025
CIVIL COURT
QUEENS COUNTY

Defendant's Address:
EXPERIAN
701 Experian Parkway
Allen, Texas 75013

NOTE: The law provides that:
        (a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the City of New York, you must appear and answer within TWENTY days after such service; or
        (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

**Civil Court of the City of New York**
**County of Queens**
---------------------------------------------------------------X
ROGER SMART,

                             Plaintiff,

        -against-

EXPERIAN,

                   Defendant(s).
---------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff ROGER SMART ("Plaintiff"), by and through his attorneys, April Forbes, P.C., as for

his Complaint against Defendant EXPERIAN ("Defendant") respectfully sets forth, complains and

alleges, upon information and belief, the following:

1.      Plaintiff brings this action for damages, declaratory relief and injunctive relief arising

from Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code

("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

## Parties:

2.      Plaintiff resides in the Queens County area within New York State.

3.      Defendant is a Texas corporation with a place of business at 701 Experian Parkway,

Allen, Texas.

4.      Defendant is regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports - as defined in 15

U.S.C. §1681(d) to third parties.

## Jurisdiction:

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well

as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6.      The Court also has pendent jurisdiction over the state law claims in this action pursuant

to 28 U.S.C. §1367(a).

**<u>Venue:</u>**

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

**<u>Factual Allegations:</u>**

8.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.    Plaintiff obtained a copy of his credit report and noticed several accounts reporting with inaccurate information.

10.   Based on the inaccurate information noticed by Plaintiff on his credit report, he wrote a dispute letter to Defendant which was dated July 5, 2024 ("Plaintiff's July dispute letter").

11.   Plaintiff's July dispute letter was sent to Defendant via certified mail and stated:

Dear Experian
Regarding the following accounts:

● CAPITAL ONE ACCT#: 517805XXXXX
● CONSUMER COOPERATIVE ACCT#: 462642XXXXXX
● US BANK ACCT#: XXXXXXXX
● SYNCB/ AMAZON ACCT#: 604578XXXX
● US BANK ACCT#: 515270XXXXX

To whom this may concern, my name is Roger Smart, date of birth 4/29/1970, social security xxx-xx-8603 and I am writing this dispute because after reviewing my credit I see many discrepancies. These specific accounts listed above are inaccurately reported on my credit report. These accounts have inadequate grounds to be reporting and if not investigated properly will result in a violation, therefore I want them deleted. Please do your due diligence and implement a proper investigation on my behalf within 30 days and mail me correspondence only via postal mail. Just in case my ID is enclosed. Pursuant to the Fair Credit Reporting Act I will expect you to complete the verification within thirty days.

12.   Defendant failed to respond and did not do an investigation but, instead sent to Plaintiff a delay tactic letter which was dated July 11, 2024 and confirmed that no investigation was undertaken.

13.   Defendant's letter dated July 11, 2024 to Plaintiff stated: "We received a request regarding your credit information that doesn't appear to have been sent directly by you or an authorized by you. As a precautionary measure we have not taken any action on your alleged request."

14.    On September 16, 2024, Plaintiff sent a second dispute letter to Defendant with a request for a method of verification ("Plaintiff's second dispute letter").

15.    Plaintiff's second dispute letter stated:

Dear Experian
RE: METHOD OF VERIFICATION

- CAPITAL ONE ACCT#: 517805XXXXX
- CONSUMER COOPERATIVE ACCT#: 462642XXXXXX
- US BANK ACCT#: XXXXXXXX
- SYNCB/ AMAZON ACCT#: 604578XXXX
- US BANK ACCT#: 515270XXXXX

To whom this may concern:

provides that a consumer may request "a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available."
In compliance with this method of investigation request, please provide the following:
→ The description of the procedure used to determine the accuracy and completeness of the information.
→ Name, address, and telephone number of each person contacted regarding this alleged debt.
→ A copy of any documents provided bearing my signature, showing that I have a legally binding contractual obligation to pay them the exact amount claimed.

Any automated response or e-Oscar verification is unacceptable. I am requesting a re-investigation along with your method of verification.

The item in question is inaccurate and represents a very serious reporting error.
I expect to receive a response within 15 days of receipt of this letter in compliance with the FCRA. If not, I expect this item will be removed from my credit files immediately.

16.    Defendant failed to respond to Plaintiff's second dispute letter and did not provide a method of verification.

17.    Defendant failed to do a reasonable investigation, and failed to respond within the fifteen (15) day requirement of the method of verification request, and thereby violated Plaintiff's rights under the FCRA.

## First Cause of Action: Violation(s) of the FCRA

18.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length

herein.

19.   15 U.S.C. §1681i(a) is entitled "Reinvestigations of disputed information" and provides
as follows:

> (1) Reinvestigation required
>
> (A) In general
>
> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any
> item of information contained in a consumer's file at a consumer reporting agency is disputed by the
> consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute,
> the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed
> information is inaccurate and record the current status of the disputed information, or delete the item
> from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date
> on which the agency receives the notice of the dispute from the consumer or reseller.
>
> (6)      NOTICE OF RESULTS OF REINVESTIGATION
>
> (A)      In general
>
> A consumer reporting agency shall provide written notice to a consumer of the results of a
> reinvestigation under this subsection not later than 5 business days after the completion of the
> reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to
> the agency.
>
> (B) Contents. As part of, or in addition to, the notice under subparagraph (A), a consumer reporting
> agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in
> subparagraph (A)—
>
> (i)       a statement that the reinvestigation is completed;
> (ii)      a consumer report that is based upon the consumer's file as that file is revised as a result of the
>           reinvestigation;
> (iii)     a notice that, if requested by the consumer, a description of the procedure used to determine the
>           accuracy and completeness of the information shall be provided to the consumer by the agency,
>           including the business name and address of any furnisher of information contacted in
>           connection with such information and the telephone number of such furnisher, if reasonably
>           available;
> (iv)      a notice that the consumer has the right to add a statement to the consumer's file disputing
>           the accuracy or completeness of the information; and
> (v)       a notice that the consumer has the right to request under subsection (d) that the consumer
>           reporting agency furnish notifications under that subsection.
>
> (7)      DESCRIPTION OF REINVESTIGATION PROCEDURE
>
> A consumer reporting agency shall provide to a consumer a description referred to in paragraph
> (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

20.   Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to investigate the disputed

account as requested within Plaintiff's July dispute letter and adequately; (ii) failing to respond to

Plaintiff's July dispute letter within the required thirty (30) day period; and (iii) further failing to delete

the account within the required 30 day period.

21.    Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to: (i) establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained; and (ii) update the credit report, delete and/or remove the disputed accounts as Plaintiff requested and as required by law.

22.    As a result of Defendant's violation(s) of 15 U.S.C. §1681e (b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

23.    The violation(s) by Defendant of 15 U.S.C. §1681e (b) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

24.    After receiving Plaintiff's July dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

25.    As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA and in response to Plaintiff's July dispute letter, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

26.    Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

27.    Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

28.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

29.    Defendant violated 15 U.S.C. §1681i(a) by failing to: (i) conduct a reasonable reinvestigation after receiving the Plaintiff's July dispute letter regarding an Errant Trade line to

determine whether the disputed information was inaccurate; and (ii) record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

30.     As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

31.     The violation(s) by Defendant of 15 U.S.C. §1681i(a) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

33.     As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

34.     The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35.     In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36.     Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

37.     Defendant violated the FCRA and 15 U.S.C. §1681(a)(7) by failing to respond to Plaintiff's second dispute letter and failed to respond within the fifteen (15) day requirement of the method of verification as request by Plaintiff.

38.     As a result of Defendant's violation of 15 U.S.C. §1681i(a)(7), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

39.    The violation by Defendant of 15 U.S.C. §1681i(a)(7) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

40.    After receiving Plaintiff's second dispute letter, Defendant negligently failed to respond to Plaintiff's second dispute letter and failed to respond within the fifteen (15) day requirement of the method of verification as request by Plaintiff and as required by the FCRA and 15 U.S.C. §1681(a)(7).

41.    As a direct and proximate cause of Defendant's negligent failure to perform its duties by the FCRA and 15 U.S.C. §1681(a)(7), Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42.    Defendant is liable to Plaintiff by reason of its violation of the by the FCRA and 15 U.S.C. §1681(a)(7) in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

43.    Defendant violated 15 U.S.C. §1681i(A)(6)(b)(iii) by not later than 15 days after receiving a request from Plaintiff to provide a method of investigation description or documentation.

44.    Defendant violated 15 U.S.C. §1681i(A)(6)(b)(iii) by failing to respond to Plaintiff's second dispute letter and failed to respond within the 15 day requirement of the method of verification as request by Plaintiff.

45.    As a result of Defendant's violation of 15 U.S.C. §1681i(A)(6)(b)(iii), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

46.    The violation by Defendant of 15 U.S.C. §1681i(A)(6)(b)(iii) was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

47.    After receiving Plaintiff's second dispute letter, Defendant negligently failed to respond to Plaintiff's second dispute letter and failed to respond within the fifteen (15) day requirement of the method of verification as request by Plaintiff and as statutorily required.

48.    As a direct and proximate cause of Defendant's negligent failure to perform its duties

pursuant to 15 U.S.C. §1681i(A)(6)(b)(iii), Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

49.     Defendant is liable to Plaintiff by reason of its violation of 15 U.S.C. §1681i(A)(6)(b)(iii) in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant:

A.     For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3) in the amount of Fifty Thousand Dollars ($50,000); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

B.     For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

C.     A Declaration that Defendant's practices violated the FCRA;

D.     An injunction mandating Defendant to remove and/or delete the inaccurate information from Plaintiff's credit report;

E.     For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

F.     For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: January 6, 2025

Respectfully submitted,

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*

**Civil Court of the City of New York**
**County of Queens**

---

ROGER SMART,                                                  Index No.:

                              Plaintiff,

            -against-

EXPERIAN,

                              Defendant.

---

## SUMMONS AND COMPLAINT

---

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

---

To:
Attorney(s) for:

---

Service of a copy of the within                                  is hereby admitted.

Dated:                         -------------------------------
                               Attorney (s) for

---

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the
circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in
subsection (c) of §130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Date: January 6, 2025                    Signature _____
                                                   April Forbes, Esq.
                                         Attorney(s) for Plaintiff
                                         April Forbes, P.C.
                                         P.O. Box 865
                                         Hudson, New York 12534
                                         (518) 249-5328 - Telephone
                                         (518) 707-0880 - Telefax
                                         aforbes@esquirepc.org - Email



DEPARTMENT OF STATE
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested

USPS CERTIFIED MAIL

9214 8969 0050 0928 1988 23

202501080245
EXPERIAN INFORMATION SOLUTIONS, INC.
475 ANTON BOULEVARD
COSTA MESA CA 926   USA

US POSTAGE
$ 006.89
ZIP 12231
041M0003403S3 JAN 10 2025